

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 10-21-BU-DWM<br>CV 12-52-BU-DWM |
| Plaintiff/Respondent, | |
| vs. | ORDER DENYING § 2255 MOTION<br>AND DENYING CERTIFICATE |
| JEFFREY KYLE EICHMANN, | OF APPEALABILITY |
| Defendant/Movant. | |

On July 30, 2012, Defendant/Movant Jeffrey Kyle Eichmann ("Eichmann"), a federal prisoner proceeding pro se, filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Eichmann also filed a brief in support.

**I. Preliminary Screening**

The motion is subject to preliminary review to determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

A petitioner "who is able to state facts showing a real possibility of

1

constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) (*"Nicolaus"*) (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). "[I]t is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

On October 21, 2010, Eichmann was indicted on one count of receipt of child pornography, a violation of 18 U.S.C. § 2252A(a)(2). There was also a forfeiture allegation. Indictment (doc. 1) at 1-2. If convicted, he faced a five-year mandatory minimum prison term. 18 U.S.C. § 2252A(b)(1). Eichmann retained Brian Fay as counsel.

On January 10, 2011, Eichmann filed a motion to change his plea, and the United States filed an Offer of Proof. There was no plea agreement. In open court on January 20, 2011, Eichmann admitted he "got on a computer and downloaded images" of persons who were obviously minors engaging in sexually explicit conduct. Change of Plea Hr'g (doc. 43) at 25:10-26:22. He agreed with the United States' offer of proof:

2

> Eichmann admitted that he used the peer-to-peer file sharing program Limewire to receive and possess child pornography videos and images beginning in 2006 and continuing until the execution of the search warrant. He detailed the search terms he used to find child pornography on Limewire and how he saved it to various computers and other equipment.
>
> Agents seized computers and related equipment and media at Eichmann's residence. Subsequent forensic examination revealed hundreds of images and movies of child pornography that Eichmann had received via the Internet from 2006 and continuing until the equipment was seized. Eichmann possessed images and movies of children clearly prepubescent and children engaged in sadistic or masochistic abuse or other depictions of violence. At the time of the warrant, Eichmann possessed a total of 264 images and 15 videos of child pornography on 4 separate computers or hard drives, although he had been collecting and then getting rid of images and movies for years.

Offer of Proof (doc. 10) at 4; Change of Plea Hr'g at 27:9-28:13.

A presentence report was prepared. Eichmann's advisory guideline range was 97-121 months in prison and supervised release of five years to life. Sentencing Tr. (doc. 50) at 26:2-10. On May 24, 2011, Eichmann was sentenced to serve the statutory mandatory minimum of 60 months in prison, to be followed by a five-year term of supervised release. Minutes (doc. 37); Judgment (doc. 38) at 2-3.

Eichmann did not appeal. His conviction became final on June 8, 2011. He filed his § 2255 motion on July 26, 2012. Mot. § 2255 (doc. 44) at 4. Although his motion is probably untimely, 28 U.S.C. § 2255(f)(1), it will be addressed on its merits.

### III. Claims and Analysis

Eichmann alleges that trial counsel was ineffective. Claims of ineffective assistance are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). Eichmann must show both that counsel's performance fell below an objective standard of reasonableness, *id.* at 687-88, and that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. "[T]here is no reason . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

### A. Receipt vs. Possession

Eichmann contends that counsel "did not understand the basic Structure and Mechanics of the 2252A(a) statute; sentencing guidelines under U.S.S.G. 2G2.2; or the lesser included offense of Possession § 2252A(a)(5)(B)." Br. in Supp. (doc. 46) at 3.

Counsel understood each of these things. Eichmann fails to understand that neither counsel nor the Court had any authority to compel the prosecutor to negotiate a plea to possession instead of receipt. Eichmann "was charged with receipt, and that means that the person that charged the case dictates what the end result will be." Sentencing Tr. at 42:13-15. That was the discussion at sentencing. *See generally id.* at 33:3-42:15, *referred to in part in* Br. in Supp. at 15-16; *see also United States v.*

*Henderson*, 649 F.3d 955 (9th Cir. 2011). That is exactly what the plea offer, *see* Proposed Plea Agreement (doc. 52-1) at 2 ¶ 4, reflects and verifies. It is not one bit different, in any material respect that could be construed as favorable to Eichmann, than the open plea he chose to enter. It does not remotely suggest an openness to dropping receipt in exchange for possession. It does not "offer" anything at all. It is absolutely typical of that prosecutor's approach to the cases she prosecutes.

Moreover, even if Eichmann had been charged with possession, his advisory guideline range would have exceeded the 60-month sentence he actually received. The base offense level would have been 18, four levels lower than the 22 that applies to receipt. U.S.S.G. § 2G2.2(a)(1). A person convicted of possession is not entitled to a two-level decrease under subsection (b)(1). The other enhancements apply equally to both receipt and possession. *Id.* § 2G2.2(b)(2), (4), (6), (7)(D); Sentencing Tr. at 25:6-26:5. Thus, if Eichmann had reached a plea agreement for possession rather than receipt, his adjusted offense level would have been 28 instead of 30, and, with a criminal history category of I, his advisory guideline range would have been 78-97 months.

This calculation is important, because Eichmann does not read the offered plea agreement correctly. Although the offered agreement does not call for a particular sentencing range, it says "[t]he United States waives its right to appeal the

reasonableness of the sentence if . . . the sentence imposed is within or above the range provided for" under the sentencing guidelines and "reserves the right to object to a sentence outside the advisory guideline range determined by the Court." Proposed Plea Agreement (doc. 52-1) at 10 ¶ 11, 13 ¶ 14. In short, even if the prosecutor had offered a plea to possession – and she did not and would not – she reserved her right to appeal any sentence below 78-97 months. Further, the offered agreement expressly called for termination of Eichmann's pretrial release. *Id.* at 16 ¶ 19. In light of his open plea and successful compliance to that date with the conditions of his pretrial release, Eichmann was not detained at the conclusion of the change of plea hearing.[1] Change of Plea Tr. (doc. 43) at 33:21-34:22. Counsel correctly advised Eichmann that the plea offer was worthless.

In light of the presentence report and Dr. Scolatti's evaluation, I certainly believed that "if the prosecutor . . . had exercised good judgment instead of retribution" by charging possession instead of receipt, "then we probably could fashion a sentence . . . that would be appropriate." *Id.* at 34:6-8. But Congress gives to prosecutors unchecked and unbalanced power to decide what to charge and, thus, what sentence must be imposed in cases like Eichmann's. It was not defense counsel

---

[1] His pretrial release was revoked, *see* Minutes (doc. 31), Presentence Report Second Addendum at 1, but not under the auspices of a plea agreement.

6

who exhibited "absolute unwillingness to bargain for a plea agreement." Reply (doc. 56) at 2.

All claims relating to Eichmann's pleading guilty to receipt rather than possession are denied.

### B. Trial vs. Guilty Plea

Although Eichmann's principal claim concerns the offense to which he pled guilty, *see* Br. in Supp. at 19, he might also be understood to allege that counsel should have advised him to take his chances at trial. *E.g.*, *id.* at 9. Had counsel done so, he could have requested an instruction on possession as a lesser included offense.

But while it might have been reasonable for counsel to give that advice, it was no less reasonable for counsel to advise an open guilty plea. Eichmann made incriminating statements to agents, and images were seized from his computers. The purpose of a jury is to determine guilt or innocence, not the propriety of the sentences attached to receipt versus possession. The jury would not even be instructed on the sentence. *E.g.*, 9th Cir. Jury Instr. (Crim.) 7.4 (2010); *United States v. Polouizzi*, 564 F.3d 142, 160-63 (2d Cir. 2009). If Eichmann had been convicted of receipt at trial – a highly likely result – his advisory sentencing guideline range would have been 135-168 months rather than 97-121 months. And, if he failed to accept responsibility by pleading guilty, it would have been less reasonable to make a variance down to the

7

60-month mandatory minimum. In sum, Eichmann very likely would have been convicted of receipt at trial, and his sentence very likely would have been much longer.

Counsel's advice to enter an open guilty plea was not unreasonable, nor has Eichmann shown cognizable prejudice. This claim is denied.

### C. Forensic Expert

Eichmann complains that counsel advised him it would be "a waste of money" to hire a forensic computer analyst. Eichmann claims counsel told him the number of images "didn't matter unless you go to trial." Br. in Supp. at 16-17. Of course that is wrong, *see* U.S.S.G. § 2G2.2(b)(7), and if that is what counsel said, his performance was deficient. It is almost certainly not what he said. *See* Change of Plea Tr. at 28:16-20.

But, at any rate, Eichmann was not prejudiced. He admitted to the Court and to investigating agents that he collected and deleted images and movies over a period of years. *E.g.*, Change of Plea Tr. at 8:7-10, 25:10-26:22, 26:25-28:13; Presentence Report ¶¶ 8-10; *see also* Br. in Supp. at 14. The government's forensic expert found 264 images and 15 movies, Presentence Report ¶ 10, for a total of 5,085 images, U.S.S.G. § 2G2.2 Application Note 4(B)(ii). And that was only at the time the search warrant was executed; it does not account for images Eichmann received but deleted

8

before the warrant was executed. There is no reasonable probability that a defense expert would have persuaded anyone that the total number of images received by Eichmann over four and a half years was actually 599 or fewer. This claim is denied.

## D. Sentencing Disparity

Eichmann's argument regarding disparity in sentencing, Br. in Supp. at 21-26, is meritless. There is no disparity among offenders who are sentenced to a five-year statutory mandatory minimum for receipt of child pornography. The safety valve mentioned by Eichmann, 18 U.S.C. § 3553(f), applies to drug offenses, not receipt of child pornography. There is another one, § 3553(e), but it requires a motion by the prosecution, and it applies only where the defendant provides "substantial assistance in the investigation or prosecution of another person who has committed an offense." Eichmann does not say he did so. Furthermore, there is no safety valve in child pornography cases. This claim is denied.

## V. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the

9

district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

None of Eichmann's claims meets the standard. He fails to understand the reality of child pornography prosecutions in the District of Montana. The prosecutor in charge of those cases does not negotiate. If she believes she can obtain a conviction for receipt, that is the only conviction she will accept. It is not fair to blame defense counsel for that. As to the choice between receipt and possession, there was no choice, and neither prong of the *Strickland* test is met. As to the choice between a guilty plea and trial, there is no reasonable probability that Eichmann would have been benefitted from going to trial, and counsel's advice to enter an open plea was well within the wide range of reasonable professional assistance. Again, neither prong of the *Strickland* test is met. If counsel told Eichmann the number of images only mattered at trial, then his advice was deficient. But Eichmann was not prejudiced, because there is no reasonable probability a defense expert could have persuaded anyone that Eichmann, who admitted downloading lots of images, including videos, over a period of four and a half years, received fewer than 600 images. Even assuming one prong of the *Strickland* test is met, the other is not.

Finally, a defendant who is sentenced to a statutory mandatory minimum cannot make an argument about sentencing disparity. Congress and the prosecutor decide the punishment, and all persons convicted of receipt of child pornography receive at least five years in prison. Neither prong of the *Strickland* test is met, and the claim lacks merit on its own.

There are no open questions and there is no reason to encourage further proceedings. A COA is not warranted.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Eichmann's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (doc. 44) is DENIED;

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Eichmann files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 12-52-BU-DWM are terminated and shall close the civil file by entering judgment in favor of the United States and against Eichmann.

DATED this 27th day of March, 2013.

Donald W. Molloy

United States District Court